IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:22-CV-97-D

GISELE GUTHRIE, SANDRA GORDON, )
BRENDA BRUNDAGE, DONNA ALTMAN, )
and JOANN DUNCAN, )
)
             Plaintiffs, )
)
v. )        **ORDER**
)
THE UNITED STATES OF AMERICA, )
)
             Defendant. )

On August 26, 2022, the parties in all pending cases under the Camp Lejeune Justice Act filed a joint motion for consolidation [D.E. 14] and a memorandum in support [D.E. 15]. The court denies the motion to consolidate.

In the motion to consolidate, the United States argues that plaintiffs have not complied with the administrative exhaustion requirement in the Camp Lejeune Justice Act. [D.E. 14] 10 n.1; see Camp Lejeune Justice Act of 2022 ("Camp Lejeune Justice Act"), Pub. L. No. 117-168, § 804(h), 136 Stat. 1802 (2022) ("An individual may not bring an action under this section before complying with section 2675 of title 28, United States Code."). The argument appears to have force given the timing of plaintiffs' lawsuits. See, e.g., McNeil v. United States, 508 U.S. 106, 111–13 (1993).

Not later than October 21, 2022, plaintiffs shall file the evidence that each plaintiff believes demonstrates compliance with section 804(h) of the Camp Lejeune Justice Act, including the date each plaintiff submitted a claim under 28 U.S.C. § 2675 and the Camp Lejeune Justice Act and the date that the United States denied relief under section 804(h) of the Camp Lejeune Justice Act. Plaintiffs also may submit a brief no longer than ten pages explaining how filing an administrative

claim under 28 U.S.C. § 2675 before the Camp Lejeune Justice Act became law complies with the Camp Lejeune Justice Act's administrative exhaustion requirement in section 804(h). Cf. McNeil, 508 U.S. at 111–13.

Not later than November 10, 2022, the United States can respond. The response shall be no longer than ten pages.

Not later than November 17, 2022, plaintiffs can reply. The reply shall be no longer than three pages.

The court will then be able to decide whether to dismiss this action without prejudice for failure to exhaust administrative remedies under section 804(h) of the Camp Lejeune Justice Act.

SO ORDERED. This 29 day of September, 2022.

JAMES C. DEVER III
United States District Judge